[Cite as *Greissing v. Ohio Dept. of Transp.*, 2010-Ohio-2029.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CATHERINE GREISSING

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-08284-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Catherine Greissing, filed this action against defendant, Department of Transportation (ODOT), contending her 2006 Mercedes-Benz C280 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a roadway construction area on Interstate 77 in Cuyahoga County. In her complaint, plaintiff recorded her particular damage incident occurred at approximately 10:15 a.m. on Sunday, August 30, 2009.[1] Plaintiff provided a written description of her recollection of her property damage event noting: "I was on the ramp at Pleasant Valley - 77S a construction truck pulled out in front of me-due to the bumpy road-he dropped out a large rock I had no room to avoid the rock as on one side was orange barrels and on the other concrete barriers. I hit the rock and immediately got a flat tire." Plaintiff related there was no room on the roadway ramp to pull over due to the traffic control barrels and concrete barriers. Plaintiff recalled a police car subsequently arrived at the

---

[1] Plaintiff later acknowledged she mistakenly indicated in her complaint that her damage event occurred on August 30, 2009. After defendant filed an investigation report defending this action based on the reported August 30, 2009 incident date, plaintiff filed a response, advising that her damage incident actually occurred on Thursday, August 27, 2009. Defendant then filed documentation defending this

scene "and followed me with his lights on to the rockside road exit." According to plaintiff, the driver of the construction truck that deposited the rock on the roadway ramp did not stop. Plaintiff expressed the opinion that "I do not believe he/she (truck driver) was aware that rocks were falling out (of the truck bed)." Plaintiff did not provide any identification regarding the owner of the truck or did not produce evidence to establish the truck was part of roadway construction activity on Interstate 77. Regardless, plaintiff has asserted defendant should bear liability for the damage repair costs for her car. Plaintiff seeks damages in the amount of $598.98, the complete cost of automotive repair expense she incurred as a result of driving over a rock deposited on the roadway entrance ramp. The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where plaintiff's described damage event occurred was located within the limits of a construction project under the control of ODOT contractor, Kokosing Construction Company, Inc. (Kokosing). Defendant explained the particular construction project "dealt with grading, draining and paving with asphalt concrete to thirteen (13) structures on I-77" between state mileposts 148.98 to 155.55 in Cuyahoga County (plaintiff's incident occurred at approximately milepost 153.15). Defendant asserted that Kokosing, by contractual agreement, was responsible for any roadway damage occurrence mishaps within the construction zone. Therefore, defendant argued Kokosing is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss

_____

action based on the revised August 27, 2009 occurrence date.

and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligence acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119. The evidence presented does not establish plaintiff's property damage was proximately caused by ODOT's contractor engaging in roadway construction activity.

{¶ 5} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 6} Defendant has contended plaintiff did not offer evidence to prove her

damage was caused by conduct attributable to either ODOT or Kokosing. Defendant asserted the rock debris plaintiff's car struck "was displaced by a third party and it was not a state truck (owed by ODOT) or a truck from Kokosing." Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 7} Defendant submitted a copy of an e-mail from Kokosing Claims Specialist, Pamela LeBlanc, referencing her investigation into the incident forming the basis of this claim originally reported as occurring on August 30, 2009 at approximately 10:15 a.m. LeBlanc recorded Kokosing personnel were not working in the area on August 30, 2009 until 6:30 p.m. when a paving crew began operations. LeBlanc further reported all records were checked and no ODOT personnel or Kokosing subcontractors were working in the Interstate 77 construction zone during the "daytime hours" of August 30, 2009. LeBlanc suggested the truck that deposited the rock on the roadway which plaintiff's car struck could have been a vehicle not affiliated with either Kokosing or ODOT.

{¶ 8} Plaintiff filed a response acknowledging she made a mistake when she originally reported her property damage event occurred on August 30, 2009. Plaintiff revised the date of the occurrence to August 27, 2009 and submitted a copy of an incident report generated by the Independence Police Department verifying her damage event occurred on August 27, 2009 "just north of 77 on ramp." The approximate time on August 27, 2009 the Independence Police Department received the report of plaintiff's damage incident was approximately 10:44:30 a.m.

{¶ 9} Upon receiving the information, plaintiff revised the date of her property damage occurrence, defendant submitted a document in reply. Defendant contended plaintiff did not offer any evidence to prove the truck that deposited the rock on the roadway was connected to either Kokosing or ODOT. Defendant submitted another

copy of an e-mail from Pam LeBlanc who noted the construction truck plaintiff referenced "could have been a subcontractor's truck, an independent hauler, a delivery truck, or any other truck traveling through this zone, not even associated with this project."

{¶ 10} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 11} Plaintiff has failed to establish her damage was proximately caused by any negligent act or omission on the part of ODOT. In fact, the sole cause of plaintiff's injury from the evidence available was the act of an unknown third party which did not involve ODOT or its agents. Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant or its agents. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD. Plaintiff has failed to prove her damage was caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

Court of Claims of Ohio

CATHERINE GREISSING

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2009-08284-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                              _____
                              DANIEL R. BORCHERT
                              Deputy Clerk

Entry cc:

Catherine Greissing
1718 Berwick Drive
Brunswick, Ohio 44212

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43222

RDK/laa
1/13
Filed 1/27/10
Sent to S.C. reporter 5/7/10