[Cite as *McMichael v. Ohio Dept. of Transp.*, 2011-Ohio-7072.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT L. MCMICHAEL

      Plaintiff

      v.

OHIO DEPT. OF TRANSPORTATION

      Defendant

Case No. 2011-10673-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Robert McMichael, filed this action against defendant, Ohio Department of Transportation (ODOT), alleging his car received paint damage at approximately 10:00 a.m. on August 16, 2011, while ODOT personnel were applying fresh white edgeline paint to the roadway. According to plaintiff, "there were no cones or signs to indicate painting was done and that paint was wet. Also the paint crew & machine were nowhere to be seen. I obviously got into the new paint and slopped paint onto wheel wells rocker panel and rear tire. This was not noticed until the following day as it was on the passenger side of car." Plaintiff contended the paint damage to his vehicle was proximately caused by negligence on the part of ODOT in conducting road painting operations. Plaintiff seeks recovery of damages in the amount of $187.00 for paint removal costs. The filing fee was paid.

{¶2} Defendant determined that plaintiff's car was splattered with paint "at US 250 and CR 501 which is milepost 15.51 in Wayne County." Defendant acknowledged ODOT personnel were painting the edge lines and center line on US 250 between

Case No. 2006-03532-AD          - 2 -          MEMORANDUM DECISION

mileposts 14.00 and 24.40 on August 16, 2011. Defendant explained two trucks were involved in the painting operation, a paint striper and a follow truck, with the follow truck approximately 1500 feet behind the striper. Defendant pointed out that there are wet paint signs on the striper with arrows pointing to the center and edge lines. In addition, defendant maintained that the paint used is specially formulated to be quick-drying, usually within two minutes. Defendant noted that US 250 is a flat, straight road and that based upon how slow the painting operation progresses, and how far apart the vehicles are spaced, "it would not be possible for the vehicles to be beyond sight distance in less than two (2) minutes, the time it would take the paint to dry."

{¶3} Defendant denied any liability in this matter arguing that plaintiff did not offer sufficient evidence to prove his damage was caused by any conduct attributable to ODOT. Defendant advised that the painting crew used all proper traffic control during the painting operation and consequently, defendant contended ODOT discharged any duty of care owed to the motoring public.

{¶4} Defendant submitted a statement from ODOT employee, Doug Hickey, regarding his knowledge of pavement marking paint characteristics. Hickey opined that "for someone to get wet paint on their car or truck and not see any paint crew I would

say that would be unlikely.  They may have driven around the follow truck and got into the wet paint.  If that happened they would have seen all of the warning signs and trucks with their strobes on going real slow at about 8 mph."  In addition, ODOT engineer Matt Walters stated that the paint is applied "at a rate to produce 16 mils of paint thickness on the pavement" and a dry time of two minutes or less for white and yellow pavement marking paint.

{¶5}    Plaintiff filed a response pointing out he has seen many paint stripers in action during the five decades he has been driving and that those painting operations utilized orange cones in the area to warn motorists.  However, plaintiff insisted there were no orange cones in place on US 250 on the day of his incident.  Defendant did not submit any written statements from the ODOT employees involved in the August 16, 2011 painting.  Defendant did not ascertain that stationary "Wet Paint" signs were posted or that traffic control cones were positioned in the painting area, and plaintiff maintained the signs and cones were not in place. In addition, plaintiff asserted he never saw any trucks painting or warning of the painting operations in progress and he denied ever passing either the follow truck or the paint striper.   Finally, plaintiff suggested that defendant's equipment malfunctioned in that an excessive amount of white paint was applied such that it remained wet well after the two-minute time period allotted.  Plaintiff recalled that the paint on his car "was not just a little splatter of paint; it was extremely thick and took two men 4 hours at a professional garage to clean off."

{¶6}    For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy*

Case No. 2006-03532-AD            - 4 -            MEMORANDUM DECISION

*Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶7}    Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶8}    Plaintiff has the burden of proof to show his property damage was the

direct result of the failure of defendant's agents to exercise ordinary care in conducting roadway painting operations. *Brake v. Department of Transportation* (2000), 99-12545-AD. A failure to exercise ordinary care may be shown in situations where motorists do not receive adequate or effective advisement of an ODOT painting activity. See *Hosmer v. Ohio Department of Transportation*, Ct. of Cl. No. 2002-08301-AD, 2003-Ohio-1921.

{¶9}  "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶10} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements of plaintiff concerning both the thickness of the paint on his vehicle and the lack of any notice that a painting operation was in place are persuasive.

{¶11} In the present action, plaintiff's evidence tends to indicate he did not

Case No. 2006-03532-AD          - 6 -          MEMORANDUM DECISION

receive adequate warning of the ODOT painting activity since stationary signs and traffic control cones were not used.   Therefore, defendant's attempts at notifying motorists of the painting operation were ineffective pertaining to plaintiff. Thus, plaintiff has provided sufficient proof to establish his vehicle received paint damage as a result of negligent acts or omissions on the part of defendant. *Hosmer. Broz v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-08863-AD, 2005-Ohio-453; *Swank v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-08608-AD, 2010-Ohio-2316.   Defendant is liable to plaintiff in the amount of $187.00, plus the $25.00 filing fee, which may be reimbursed as compensable costs pursuant to R.C. 2335.19.   See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT L. MCMICHAEL

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-10673-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $212.00, which includes the filing fee. Court costs are

Case No. 2006-03532-AD - 8 - MEMORANDUM DECISION

Case No. 2006-03532-AD - 8 - MEMORANDUM DECISION

assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Robert L. McMichael          Jerry Wray, Director
4418 Millbrook Road          Department of Transportation
Wooster, Ohio  44691         1980 West Broad Street
                             Columbus, Ohio  43223

SJM/laa
12/8
Filed 12/9/11
Sent to S.C. reporter 5/10/12