[Cite as *Combs v. Ohio Dept. of Transp.*, 2010-Ohio-3148.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEPHANIE COMBS

     Plaintiff

     v.

OHIO DEPT. OF TRANS.

     Defendant

     Case No. 2009-08756-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Stephanie Combs, filed this action contending that her 2005 Chevrolet Uplander truck was damaged on August 10, 2009 as a proximate cause of negligence on the part of defendant, Department of Transportation (ODOT), in maintaining a construction area on Kemper Road in Hamilton County. Specifically, plaintiff related that the running boards on her truck were "crushed" and became detached from scraping on the curb area at the entrance/exit to her place of employment (Valley Asphalt) which abuts Kemper Road. Plaintiff explained that "[t]he curb at this location was too high and damaged (the) running boards on my vehicle when I was leaving for lunch." Plaintiff submitted photographs depicting the roadway construction area on Kemper Road at the entrance to Valley Asphalt. Additional submitted photographs depict plaintiff's vehicle stopped at the entrance/exit of Valley Asphalt at Kemper Road. The photographs show an area of Kemper Road where the roadway surface has been milled in preparation for repaving. The milled portion of Kemper Road abuts an unmilled area of roadway surface over two feet wide that runs the length of Kemper Road. Concrete curbing perhaps six inches wide separates and

spans the unmilled portion of Kemper Road at the entrance/exit to Valley Asphalt. The curbed area is raised approximately one inch from the unmilled portion of Kemper Road and as much as two inches above the paved area at the entrance/exit to Valley Asphalt. The submitted photographs of the Chevrolet Uplander show the vehicle stopped at the driveway approach to Valley Asphalt from Kemper Road. The back end of plaintiff's vehicle is positioned on Kemper Road, with the middle and front of the vehicle parked across the raised area at the Valley Asphalt driveway approach. The photographs show the left side running board of plaintiff's Chevrolet Uplander contacting with the raised roadway surface abutting the Valley Asphalt driveway approach. The running board on the vehicle appears to be intact.

{¶ 2} Plaintiff asserted that the driveway approach at Valley Asphalt was rendered unsafe for vehicle traffic as a result of the milling operation conducted on Kemper Road. Plaintiff claimed that the difference in roadway surface elevation between the milled roadway and the intact driveway approach caused the running boards on the Chevrolet Uplander to be "crushed" and "came unattached." Plaintiff related that the running boards "have to be replaced because they were ripped off the brackets." In her complaint, plaintiff contended that her vehicle was damaged as a result of ODOT negligence in failing to correct the dangerous condition created by milling the surface on Kemper Road and leaving the driveway approach from Kemper Road to Valley Asphalt intact. Consequently, plaintiff filed this action requesting damages in the amount of $953.16, the stated cost of replacing the running boards on her vehicle. Plaintiff submitted an invoice showing that she had running boards installed on her Chevrolet Uplander on March 11, 2008, at a cost of $953.16. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with the damage claim.

{¶ 3} Defendant acknowledged that the area where plaintiff's stated property damage event occurred was located within the limits of a construction project under the control of ODOT contractor, Kokosing Construction Company, Inc. (Kokosing). Defendant explained that the particular construction project, "dealt with grading, draining, paving in part with concrete pavement and warranty asphalt pavement" as well as "[w]idening ramps at Kemper Road and Mostellar Road and installing a three sided culvert and existing culvert in Hamilton County." Defendant advised that "[p]laintiff's

incident on Kemper Road places her near milepost 26.45, which is within the project limits." Defendant asserted that Kokosing, by contractual agreement, was responsible for roadway damage, occurrences, or mishaps within the construction zone. Therefore, ODOT argued that Kokosing is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of*

*Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 6} Alternatively, defendant argued that neither ODOT nor Kokosing had any knowledge of "the driveway on Kemper Rd. prior to plaintiff's incident." Defendant pointed out that ODOT "records (copies submitted) indicate that no calls or complaints were received at the Hamilton County Garage regarding the driveway in question prior to her (plaintiff's) incident." Defendant contended that plaintiff failed to produce evidence establishing her property damage was attributable to either conduct on the part of ODOT or Kokosing.

{¶ 7} Both plaintiff and defendant submitted a letter from Kokosing Claims Specialist, Pamela J. LeBlanc, regarding work performed on the construction project, specifically the driveway approach area where plaintiff's damage occurred. LeBlanc wrote that according to Project Engineer, Vince Martini, "the roadway and driveway approach were built according to Plan."

{¶ 8} Additionally, defendant submitted a copy of an e-mail from ODOT Resident Engineer, Dennis Stemler, referencing the work performed on Kemper Road at the Valley Asphalt driveway approach. Stemler noted the following observations:

{¶ 9} "1. There is only 1 ½ inch depression coming into the dropped curb. The change in slope from roadway to driveway is according to the plans.

{¶ 10} "2. The project has been in discussion with Jim Crawford and JRJ because there were issues with their long drags having problems in this same area for at least two months. There are two other exits from JRJ/Valley office to get in and out. There were never any issues with car/vans getting in and out of the drive.

{¶ 11} "3. The vehicle involved sits low to the ground and apparently has low profile tires. This is based upon the attached pictures. The distance from the running boards to the ground should be checked to see if it is legal distance as well."

{¶ 12} Plaintiff filed a response specifically denying defendant's assertions that her 2005 Chevrolet Uplander has "low profile tires (and) ground effects." Plaintiff explained that the running boards on her vehicle are positioned approximately six

inches above "the ground." Plaintiff maintained that the running boards installed on her vehicle were positioned at the same height as factory installed running boards.

{¶ 13} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor prior to August 10, 2009. Additionally, plaintiff submitted photographic evidence depicting the uneven pavement condition and surface deviation between the edge of the driveway approach and the milled portion of Kemper Road. No evidence was submitted to establish when the roadway surface near milepost 26.45 on Kemper Road was initially milled prior to August 10, 2009.

{¶ 14} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 15} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an

unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462. Plaintiff has provided sufficient evidence to prove that a known hazardous condition existed on the roadway after ODOT specified operations were completed and that neither ODOT nor its agents timely corrected the condition. Plaintiff has proven her damage was proximately caused by negligent acts and omissions on the part of ODOT onsite personnel and ODOT's agents. See *Costello v. Ohio Dept. of Transp.* (2009), 2009-06052-AD. Therefore, defendant is liable to plaintiff in the amount of $953.16, the total cost of automotive repair, plus the $25.00 filing fee, which may be awarded as costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEPHANIE COMBS

    Plaintiff

    v.

OHIO DEPT. OF TRANS.

    Defendant

    Case No. 2009-08756-AD

Clerk Miles C. Durfey

<u>ENTRY OF ADMINISTRATIVE</u>
<u>DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $978.16, which includes the filing fee.  Court costs are assessed against defendant.


                                        MILES C. DURFEY
                                        Clerk

Entry cc:

Stephanie Combs                         Jolene M. Molitoris, Director
6650 Springdale Road                    Department of Transportation
Cincinnati, Ohio  45247                 1980 West Broad Street
                                        Columbus, Ohio  43223

RDK/laa
2/25
Filed 3/12/10
Sent to S.C. reporter 7/1/10