[Cite as *Parker v. Ohio Dept. of Transp.*, 2010-Ohio-1725.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHERYL PARKER

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION

     Defendant

     Case No. 2009-08381-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Cheryl Parker, filed this action against defendant, Department of Transportation (ODOT), contending her 2005 Toyota Rav 4 was damaged as a proximate cause of negligence on the part of ODOT in failing to properly mark a concrete divider on US Route 20 to advise motorists of its presence. Plaintiff recalled her vehicle was damaged at approximately 7:30 p.m. on October 7, 2009 as a result of striking the concrete divider located on US Route 20 approximately 100 feet west on Fern Drive in Painesville Township in Lake County. Plaintiff related the concrete divider "is in the center of the road and is divided by railroad tracks" that span both the east and west roadway lanes of US Route 20. Plaintiff further related "[t]he ends of the (divider are) painted (yellow) but the ends that are (adjacent) to the tracks are not marked and that is where (I) drove into the (divider)." Plaintiff contended she drove over the unpainted portion of the concrete divider due to the fact it was unmarked and she apparently could not discern the divider during the early evening of October 7, 2009. Plaintiff expressed the opinion "that if these (dividers) were painted completely around (and/or) marked with reflective poles or guard rails they would be very visible and

possibly prevent the next person to not do what I did." One tire on the 2005 Toyota Rav 4 was damaged when it struck the concrete divider while plaintiff drove from west to east on US Route 20. In her complaint, plaintiff requested damages in the amount of $265.22, representing the cost of a replacement tire, plus related repair expenses. The filing fee was paid.

{¶ 2} Plaintiff submitted photographs depicting the particular section of the concrete divider on US Route 20 her vehicle struck. The photographs were taken from various distances and at various times. The photographs show an angled slab of unpainted concrete perhaps eight inches in height positioned in the center of the roadway with the angled section facing the railroad tracks. An orange center line delineates the traveled portion of the roadway from the concrete divider. The photographs were taken from a vehicle showing the driver's perspective of the roadway, railroad tracks, and concrete divider. The trier of fact finds after reviewing the photographs submitted that the concrete divider and painted center line road demarcation are clearly visible.

{¶ 3} Defendant denied liability in this matter arguing plaintiff did not produce any evidence to prove her property damage was caused by any negligent act or omission on the part of ODOT. Defendant suggested the sole cause of plaintiff's damage was her own negligent driving in crossing a marked double yellow line on the roadway before striking the concrete divider located on the roadway median section not intended for travel. Defendant explained the decision was made to install the concrete divider to prevent motorists "from stopping on the railroad tracks to turn into businesses on US 20." Defendant observed ODOT records indicate "[t]his section of roadway has an average daily traffic count between 11,120 and 15,890 vehicles." Essentially, defendant maintained the concrete divider was placed as a safety measure to keep traffic from stopping on the railroad tracks spanning US Route 20 to enter businesses located adjacent to the roadway. Defendant contended plaintiff failed to prove the installation and maintenance of the concrete divider constituted actionable negligence on the part of ODOT.

{¶ 4} Defendant submitted photographs depicting the roadway, concrete divider, railroad tracks and adjacent area. The photographs show the concrete divider is clearly visible, is placed on the roadway median beyond the clearly marked orange painted

roadway demarcation, and therefore not part of the roadway intended for travel.

**{¶ 5}** Plaintiff filed a response acknowledging she drove across the yellow line on US Route 20 "maybe a foot (and) hit the side end knowing the turn lane was at the end of the islands (concrete dividers)." Plaintiff again contended her property damage was proximately caused by negligence on the part of defendant in not providing additional markings on the concrete dividers to notify motorists of the roadway condition maintained by ODOT.

**{¶ 6}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

**{¶ 7}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 8}** Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 9}** "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending

circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out the roadway was maintained properly under ODOT specifications. Plaintiff failed to prove her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600. In fact, the sole cause of plaintiff's damage was her own negligent driving. See *Wieleba-Lehotzky v. Ohio Dept. of Transp., Dist. 7*, Ct. of Cl. No. 2004-03918-AD, 2004-Ohio-4129. Plaintiff has not proven defendant maintained a hidden roadway defect. See *Sweney v. Ohio Dept. of Transp., Dist. 8*, Ct. of Cl. No. 2009-03649-AD, 2009-Ohio-6294.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHERYL PARKER

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2009-08381-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:


Cheryl Parker                                    Jolene M. Molitoris, Director
108 S. Doan Avenue                        Department of Transportation
Painesville, Ohio  44077                   1980 West Broad Street
                                                      Columbus, Ohio  43223

RDK/laa
12/7
Filed 12/23/09
Sent to S.C. reporter 4/16/10