CASCONE, APPELLANT, *v.* HERB KAY CO., APPELLEE, ET AL.

[Cite as Cascone *v.* Herb Kay Co. (1983), 6 Ohio St. 3d 155.]

(No. 82-1330—Decided August 3, 1983.)

*Messrs. Fink, Greene & Hennenberg, Mr. William Martin Greene* and *Ms. Jean M. McQuillan,* for appellant.

*Messrs. Gallagher, Sharp, Fulton & Norman, Mr. James G. Gowan* and *Mr. Jay Clinton Rice,* for appellee.

HOLMES, J. The question presented here is whether, considering the materials before the trial court, inclusive of the pleadings, interrogatories, depositions and affidavits, the trial court was justified in granting the appellee's motion for summary judgment. For the following reasons, we hold that the appellee's motion for summary judgment here should not have been granted.

Civ. R. 56(C) provides that summary judgment shall be rendered if the "pleading, depositions * * * [and] affidavits * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" The rule also provides that the nonmoving party is "entitled to have the evidence * * * construed most strongly in his favor. * * *" The trial court granted the appellee's motion, and the court of appeals affirmed the trial court upon the basis that there was no genuine issue of material fact regarding the knowledge of Hal Artz, Inc., that the lift was not completely repaired and was not operable.

Further, the court of appeals found that there was no genuine issue as to whether after the lift had been reactivated by Hal Artz, Inc., but prior to the accident, it had on occasion dropped suddenly, and had to have oil added to the reservoir and to the pressure lines.

Here, based upon the previously set forth depositions of Brodsky, appellant, and Seidowski, there appear to be genuine issues of material fact presented to the trial court upon appellee's motion for summary judgment. Brodsky stated in his deposition that he had been told by Seidowski that the lift was "ready to go." Also, he stated that he was informed by the last employee of appellee to work on the lift that it was ready for use other than filling with oil and recementing the floor, neither of which would have necessarily involved additional mechanical repair or attention to the lift. Also, the appellant testified that he had been told by appellee's employees that the lift was ready to be used.

Conversely, Seidowski testified that he had told Hal Artz that the lift was not completely repaired and that he had directed a letter or invoice to Hal Artz, indicating that it would "cost a total of $1,354.25 to put lift #3 into total operating condition." It is interesting to note here that the letter did not state that the lift was non-operable, but only that an additional sum of money was needed in order to put the lift in *total* operating condition.

There were also discrepancies in the testimony as to whether the lift had on occasion suddenly dropped, and that it needed additional oil from time to time between the period of reactivation of the lift by Brodsky, on behalf of appellee, and the appellant's injury. Brodsky testified that there were such occasions. The appellant, conversely, testified that the lift had not been drop-

ping in such interval of time, that he had not added any oil to the lift, and that he was uncertain of whether his co-worker had done so.

In the totality of the material presented to the trial court, and construing such evidence most strongly in the appellant's favor, there reasonably appear to be genuine issues of material fact that should be presented to a jury. One of the questions to be answered here is whether appellee had been negligent in the repair of the lift, or had not finished the job of repair. Further, even assuming the negligence of the appellee in the manner in which it had conducted its repair procedures upon the lift, genuine issues were presented as to whether Hal Artz, Inc.'s actions in reactivating the lift under all of the circumstances amounted to an intervening act which broke the causal chain between the negligence of appellee and the injury of appellant, or whether such act was merely a concurrent cause of the appellant's injuries.

Whether an intervening act breaks the causal connection between the negligence and the injury, thus relieving one of liability for his negligence, depends upon whether that intervening actor was a conscious and responsible agency which could or should have eliminated the hazard, and whether the intervening cause was reasonably foreseeable by the one who was guilty of the negligence.[1]

Thus, it was stated in paragraph two of the syllabus in *Thrash* v. *U-Drive-It Co.* (1953), 158 Ohio St. 465 [49 O.O. 402]:

"Where there intervenes between an agency creating a hazard and an injury resulting from such hazard another conscious and responsible agency which could or should have eliminated the hazard, the original agency is relieved from liability. A break in the chain of causation thereby takes place which operates to absolve the original agency."

Judge Zimmerman, in *Thrash,* continued to further explain the law of intervening cause by stating, at page 472:

"* * * Or, stating the matter a little differently, 'where after the negligent act a duty devolves on another person in reference to such act or condition which such person fails to perform, such failure is the proximate cause of the injury resulting from the act.' 45 Corpus Juris, 937, Negligence, Section 496."

An important factor that must be considered in determining whether an intervening cause breaks the causal chain is that of the foreseeability by the original tortfeasor of the intervening cause or causes which evolve into the situation causing the injury complained of. Pertinent to this, in *Mudrich* v. *Standard Oil Co.* (1950), 153 Ohio St. 31 [41 O.O. 117], Judge Stewart stated, at page 39, in the opinion:

"Whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was

---

[1] The Restatement refers to an intervening act of a third person which relieves one of liability for his negligence as a "superseding cause." Restatement of the Law 2d 465, Torts, Section 440.

reasonably foreseeable by the one who was guilty of the negligence. If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone. *Neff Lumber Co.* v. *First National Bank of St. Clairsville, Admr.,* 122 Ohio St., 302, 309, 171 N.E., 327.''

It is noted in *Mudrich* at page 38 that the prior opinion of this court, *Mouse* v. *Central Savings & Trust Co.* (1929), 120 Ohio St. 599, had set forth with approval, commentary from 22 Ruling Case Law 132, on the subject, as follows:

'' '* * * The question always is: Was there any unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise.' ''

The test, as set forth in the Ruling Case Law approved in *Mouse* and *Mudrich,* is whether the original and successive acts may be joined together as a whole, linking each of the actors as to the liability, or whether there is a new and independent act or cause which intervenes and thereby absolves the original negligent actor.

Such a determination involves a weighing of the evidence, and an application of the appropriate law to such facts, a function normally to be carried out by the trier of the facts. Reviewing the facts of the particular case before the court in *Mudrich,* this court held in paragraph two of the syllabus:

"Where a person in delivering gasoline into tanks at a gasoline station negligently spills gasoline upon the ground, which act results in the formation of gasoline pools upon the premises and injury to a child by the burning of such gasoline, and where a young son of the proprietor of the premises and such child, a playmate, both under eight years of age, were accustomed to play upon the premises after school hours, the question as to reasonable foreseeability and the intervening proximate causality of the setting afire of those pools by one of the children and the other's attempt to extinguish the fire by jumping into it is one upon which reasonable minds might differ, and is a question for submission to the jury."

In this regard, the respective functions of the trial court and of the jury are set forth within the Restatement of the Law 2d (1965) 491, Torts, at Section 453, that:

"It is the exclusive function of the court to declare the existence or nonexistence of rules which restrict the actor's responsibility short of making him liable for harm which his negligent conduct is a substantial factor in

bringing about, and to determine the circumstances to which such rules are applicable.''

Comment *c* to Section 453 states:

"If the evidence is so conflicting or contradictory as to leave room for a reasonable difference of opinion as to the facts of the case, the court should instruct the jury as to the applicability of such of the rules stated in this Topic as are pertinent to such facts as the jury may reasonably find from the evidence. Thus, if the liability of the actor depends upon the wrongful character of the intervening act of the third person, the judge should, if the evidence is conflicting, leave it to the jury to find what the intervening actor did, and if there is a reasonable doubt as to whether his act, as it might be found by the jury, was or was not negligent, this question should also be left to them.''

In the instant case, we conclude that, even if no factual dispute existed regarding Hal Artz, Inc.'s knowledge that the work on the lift had not been completed, there are still issues of fact relating to the nature or character of Hal Artz, Inc.'s actions which under the stated law should not have been decided by the trial court upon summary judgment. It is a question of fact whether it was reasonably foreseeable that the lift in question may have been used by the appellant's employer after it knew that the lift was leaking oil. It is also a question of fact to be determined by a jury whether the actions of the appellant's employer were of such a character that they could be considered concurrently negligent with the original negligent actor, or whether those acts would supersede the original actor's negligence in failing to repair the lift properly and leaving it in the manner that it did.

These questions of material fact relating to the knowledge of Hal Artz, Inc. concerning the defective condition of the lift, as well as the status of Hal Artz, Inc.'s acts as a concurrent or superseding intervening cause, were a dispute of material facts which could not properly be determined by the trial court upon summary judgment. Therefore, we hold that the court of appeals erred in affirming the trial court's granting the appellee's motion for summary judgment under all of the attendant circumstances.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., dissents.