OPINION
Plaintiffs Barbara Graham, Diane Graham, and Barbara Graham and Michael Davis as co-administrators of the Estate of Jessica Davis, filed the instant negligence action against seven defendants, including appellants Amerigas Partners, L.P.; Amerigas Propane, Inc.; and Amerigas Propane, L.P. Appellees Daryl and Allen Igo were also named defendants in the action. Appellants filed a cross-claim against appellees seeking contribution. The Licking County Common Pleas Court granted a motion for summary judgment filed by appellees, removing them from the action both as to the complaint and the cross-claim. Thereafter, appellants settled with the plaintiffs. Appellants appealed the summary judgment on their cross-claim for contribution:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY IMPROPERLY GRANTING DARYL AND ALLEN IGO'S MOTION FOR SUMMARY JUDGMENT AS TO APPELLANTS' CROSS-CLAIM.
Appellants have failed to comply with the requirements of Loc. App.R. 4 (B). In the interests of justice and economy, we elect not to dismiss the appeal, but to consider the matter on the merits. In May of 1997, plaintiffs Barbara and Diane Graham purchased a manufactured home from Palm Harbour. On July 21, 1997, after the home had been installed on their property, Houston Plumbing and Heating converted several appliances and a gas fireplace from natural to propane gas. After completing the conversion, Houston tested the integrity of the entire liquid propane gas system, finding no leaks. On August 7, 1997, an employee of Amerigas installed a new gas supply line from an existing propane tank to the manufactured home. After completing the installation, the employee tested the home entire liquid propane system, finding no leaks. On August 28, 1997, two employees of appellees were completing repairs to a septic line at the manufactured home. In attempting to excavate and remove an old electrical wire, an employee, using a backhoe, dug approximately two or three inches into the ground, severing a propane gas line. Appellee Daryl Igo turned off the gas at the propane tank, and telephoned Amerigas. Amerigas sent an employee to make the necessary repairs to the system. After completing the repairs, the employee claimed that he performed a pressure test of the line, detecting a leak at one of the couplings. The coupling was repaired, and a second pressure test was performed. According to the employee of Amerigas, the second pressure test revealed no leaks. The employee then tested the home's entire propane gas system, and proclaimed it leak free. The employees of appellees finished the work on the property, and left the residence. Thereafter, plaintiff Barbara Graham called Amerigas twice, advising them that she smelled propane. Amerigas did not tell her to turn off the propane gas at the tank, nor did Amerigas arrange to have a technician come to the residence to check for a leak. In the early morning hours of August 29, 1997, a propane gas explosion occurred, totaling destroying the residence. Jessica Davis was killed in the explosion, and Diana Graham was injured. As a result of that explosion, the plaintiffs filed the instant wrongful death action, survivorship action, action for loss of personal property, and personal injury action. In the trial court, plaintiffs did not object to appellees' motion for summary judgment, and in fact filed a memorandum in support of appellees' summary judgment motion. The only issue is whether appellants can further litigate a contribution claim against appellees. Amerigas first argues that the negligence of the Igos in severing the propane line was a contributing cause to the explosion. The court found that the intervening act of Amerigas prevented liability from attaching to appellees. Whether an intervening act breaks the causal connection between negligence and injury, thus relieving one of liability for his negligence, depends on whether the intervening cause was a conscious and responsible agency which could or should have eliminated the hazard, and whether the intervening cause was reasonably foreseeable by the one who is guilty of the negligence. Cascone v. Herb Kay Company (1983),6 Ohio St.3d 155, paragraph one of the syllabus. There is no dispute that Amerigas is a conscious and responsible agency which could or should have eliminated the hazard. Amerigas is in the business of installing, serving, and repairing propane gas lines. Further, it was not reasonably foreseeable to appellees that after shutting off the gas and calling Amerigas to repair the problem, Amerigas would reestablish gas service to the home without properly insuring that the gas line was leak free. The trial court did not err in concluding that the actions of Amerigas were an intervening act, breaking any possible causal connection between appellees' negligence in severing the gas line and the explosion. Appellants also argue that the gas which escaped into the atmosphere between the time the line was broken and the time Daryl Igo shut off the supply tank migrated into the crawl space of the home, and later ignited, causing the explosion. There is no evidence in the record to support this theory. Appellants claim that plaintiffs' expert's testimony that the original break in the line might have something to do with the explosion creates a disputed fact as to whether appellees were a proximate cause of the explosion. We disagree. This expert testified that the copper tubing would not have been open a sufficient amount of time between the break and the time Daryl Igo turned off the gas to cause the instant explosion. Bullerdiek deposition, page 8. Appellants' own expert testified that he did not have an opinion as to the source of the leak which produced the gas mixture, causing the explosion, other than he felt the leak had to be within the crawl space around the perimeter of the home. Freeman deposition, page 25. Next, appellants argue that after Amerigas left the premises, appellees remained on the premises. However, appellants failed to identify any action which appellees took after Amerigas allegedly repaired the gas line that would cause a gas leak, leading to the explosion. Finally, appellants argue that because the plaintiffs did not receive appellants' safety information, which appellants' representative left with the employees of appellees to provide to the plaintiff, appellees remain jointly liable. There is no evidence that appellees' failure to provide the safety instruction sheet to the plaintiffs did anything to cause or contribute to the explosion. The evidence reflects that the safety sheet would have provided the plaintiffs with instructions to call Amerigas if the smell worsened, or if the odor did not dissipate by morning. On two occasions, Barbara Graham called Amerigas' representatives to report that she continued to smell propane gas. Each time, Amerigas failed to advise her to turn off the gas, and failed to send a service technician to test for leaks. There is nothing in the record to suggest that had the plaintiffs been given the safety information sheet, the explosion would not have occurred. The court did not err in granting summary judgment on appellants' cross-claim against appellees.
 ____________________ Reader, V. J.,
By Milligan, V. J, Gwin, P.J., and Hoffman, J., concur