AUSTERMILLER, Admr., Appellant,

v.

DOSICK et al., Appellees.

[Cite as *Austermiller v. Dosick,* 146 Ohio App.3d 728, 2001-Ohio-2910.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–01–1223.

Decided Dec. 31, 2001.

James D. Caruso and John A. Borell, Jr., for appellant.

Elizabeth E. Baer and Angelica Colwell, for appellee.

SHERCK, Judge.

{¶ 1} This is an appeal from a directed verdict issued by the Lucas County Court of Common Pleas in a medical malpractice case. Because we conclude that the effect of a pharmacy's later-occurring negligence is a question of fact, we reverse.

{¶ 2} Appellee, Steven M. Dosick, M.D., is a vascular surgeon. In 1994, appellee performed surgery on Jerry C. Austermiller. Following a brief post-surgical hospitalization, appellee released Austermiller with instructions that he should take daily doses of the prescription drug Coumadin. Coumadin inhibits blood clotting and, improperly administered, can cause uncontrolled internal bleeding. Appellee ordered a followup examination to monitor the effects of the drug.

{¶ 3} It is uncontested that Austermiller failed to attend his followup appointment or again consult with appellee. What is disputed is an allegation that during the next eighteen months, appellee, or someone in appellee's office, telephoned refill prescriptions for Coumadin to Austermiller's pharmacy. The last of these refills was for a one-year supply. It was dated March 11, 1996, and was phoned in to a Bowling Green, Ohio pharmacy.

{¶ 4} On December 20, 1996, Austermiller transferred this prescription to the Napoleon, Ohio branch of the same pharmacy chain. The Napoleon pharmacist erroneously recorded the date of the prescription as the date of the transfer. This resulted in the Napoleon pharmacy continuing to refill the Coumadin prescription beyond the anniversary date upon which the prescription would have ordinarily expired. Austermiller received Coumadin refills on April 22, 1997, and August 14, 1997. On September 19, 1997, Jerry Austermiller died from internal bleeding. On May 20, 1998, the executor of Jerry Austermiller's estate, appellant John W. Austermiller ("appellant") brought a medical negligence suit against appellee and the pharmacy that filled Jerry Austermiller's prescription. Follow-

ing a settlement with the pharmacy, the matter proceeded to a jury trial solely against appellee.

{¶ 5} At trial, appellant introduced Jerry Austermiller's autopsy report, which set the cause of death as "gastrointestinal exsanguination" and listed among significant conditions relating to death as "long-term Coumadin use." Appellant's medical expert testified that it was his opinion that Jerry Austermiller died of "uncontrolled bleeding secondary to Coumadin toxicity." The expert also testified that a physician who continues to prescribe Coumadin without appropriate monitoring "depart[s] from accepted standards of care."

{¶ 6} On cross-examination, appellant's medical expert was asked:

{¶ 7} "Q. Is it still your opinion [that] Coumadin which was taken in the weeks before Jerry Austermiller's death was the cause of the gastrointestinal bleed?

{¶ 8} "A. Oh, yes, * * * absolutely."

{¶ 9} In his defense, appellee testified that he had not prescribed Coumadin for Jerry Austermiller after he left the hospital in 1994. He also testified that it was against office policy to call in Coumadin prescription renewals absent appropriate monitoring.

{¶ 10} At the conclusion of the evidence, appellee moved for a directed verdict, contending that the nonparty pharmacy was guilty of negligence per se when it continued to refill Jerry Austermiller's Coumadin prescription beyond the one-year period allowed by the Ohio Administrative Code. Since appellant's own medical expert testified that it was the Coumadin taken "in the weeks before" that caused Austermiller's death, appellee argued, the pharmacy's negligence constituted an intervening and superseding cause which absolved appellee of liability. The trial court granted appellee's motion, directing a verdict against appellant and dismissing the jury.

{¶ 11} Appellant now brings this appeal, setting forth the following single assignment of error:

{¶ 12} "The trial court erred in granting a directed verdict to the appellee as it based its holding on questions of fact that are to be determined by the trier of fact."

{¶ 13} "* * * Civ.R. 50(A)(4) provides, 'When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that

issue.' In *Wagner v. Roche Laboratories* (1996), 77 Ohio St.3d 116, 671 N.E.2d 252, we stated further, ' "When a motion for a directed verdict is entered, what is being tested is a question of law, that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses." ' Id. at 119, 671 N.E.2d at 255, quoting *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 68–69, 23 O.O.3d 115, 116–117, 430 N.E.2d 935, 938." *Wagner v. Midwestern Indemn. Co.* (1998), 83 Ohio St.3d 287, 294, 699 N.E.2d 507.

{¶ 14} At trial, and here, appellee argues that even if he or his office did continue to prescribe Coumadin without proper observation of its effects, he is legally absolved of liability for this negligence by the per se negligence of the decedent's pharmacy in refilling the prescription twice after its one-year expiration date. The pharmacy's negligence was intervening and superseding, according to appellee.

{¶ 15} Appellant concedes that the pharmacy was per se negligent, but vociferously denies that this negligence was sufficient to wholly negate appellee's negligence. Moreover, appellant insists that the question is one of proximate cause and causation is ordinarily a question of fact.

{¶ 16} "We have recognized that the existence of intervening and superseding causes of injury can be a defense to actions brought under theories of both negligence and strict liability in tort.

{¶ 17} "We have also repeatedly recognized that the issue of intervening causation generally presents factual issues to be decided by the trier of fact. *Cascone v. Herb Kay Co.* (1983), 6 Ohio St.3d 155, 160, 6 OBR 209, 214, 451 N.E.2d 815, 820[.] The determination of intervening causation 'involves a weighing of the evidence, and an application of the appropriate law to such facts, a function normally to be carried out by the trier of the facts.' *Cascone, supra,* 6 Ohio St.3d at 160, 6 OBR at 214, 451 N.E.2d at 820. In *Cascone* we established the test to be used to determine whether the intervening act was foreseeable and therefore a consequence of the original negligent act or whether the intervening act operates to absolve the original actor. 'The test * * * is whether the original and successive acts may be joined together as a whole, linking each of the actors as to the liability, or whether there is a new and independent act or cause which intervenes and thereby absolves the original negligent actor.' *Id.* at 160, 6 OBR at 214, 451 N.E.2d at 819[.]" *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 269, 617 N.E.2d 1068 (some citations omitted). See, also, Prosser & Keeton on Torts (5th Ed.1984), 301 et seq.

{¶ 18} Appellee premised his motion for a directed verdict on the pharmacy's per se negligence and the "admission" of appellant's expert witness

that death was caused by Coumadin taken in "the weeks before" Jerry Austermiller's death. Whether negligence is "per se" is of no legal significance. The issue is whether the pharmacy's negligence is "new and independent" of appellee's alleged negligence. Pursuant to *Leibreich* and *Cascone,* this is a question of fact.

{¶ 19} With respect to the expert's "admission," nowhere in his cross-examination was the term "weeks before" defined. Whether this "admission" involved two weeks or fifty-two weeks would make a substantial difference in interpreting the expert's statement. Moreover, even had the expert laid blame on Coumadin taken recently, a question exists as to whether this would be testimony contradictory to the autopsy reference to death related to "long-term Coumadin use."

{¶ 20} On whole, these are questions which must be resolved by the trier of fact; therefore, granting a directed verdict here was erroneous.

{¶ 21} Accordingly, appellant's sole assignment of error is well taken.

{¶ 22} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for proceedings consistent with this decision. Costs to appellee.

Judgment reversed
and cause remanded.

MARK L. PIETRYKOWSKI, P.J., and MELVIN L. RESNICK, J., concur.