[Cite as *Sage v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-6682.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GORDON SAGE

   Plaintiff

   v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

   Defendant

   Case No. 2010-02529-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1}  Plaintiff, Gordon Sage, an inmate formerly incarcerated at defendant's Warren Correctional Institution (WCI), filed this action alleging that articles of personal property he owned were either lost or stolen as a proximate cause of negligence on the part of WCI staff in handling the property items on two separate occasions.  Plaintiff related that both he and his cellmate, Towson, had their property "combined together" and packed by WCI staff on March 16, 2009.  Plaintiff further related that when Towson regained possession of his property on March 19, 2009, WCI employee Officer "Pottinger allowed Towson to retrieve property (that was not Towson's-nor titled to Towson) but was clearly titled to me."  Plaintiff identified the titled property that was allegedly forwarded to Towson as a fan and a CD player (Sony brand).  Additionally, plaintiff asserted that WCI personnel permitted Towson to retrieve other untitled property items owned by plaintiff.  According to plaintiff, these items included two blankets, one crock pot, one pair of Adidas gym shorts, one belt, two hundred magic

cards, five containers of coffee, one digital antenna, one converter box, and assorted commissary items purchased on March 16, 2009. Plaintiff recalled that he discovered his property was missing on or about March 30, 2009. In another matter involving property loss, plaintiff explained that he was transferred to a segregation unit on March 31, 2009 and his property was stored under the control of WCI personnel. Plaintiff advised that when he was released from segregation and regained possession of his property on May 1, 2009, he discovered five CDs, one pair of Reebok shower shoes, and a rabbit ears antenna were not among the returned articles. Plaintiff requested damage recovery in the amount of $584.87, the stated replacement cost of all claimed missing property. Payment of the filing fee was waived.

{¶ 2} Defendant denied liability in this matter contending that WCI staff "acted in accordance with policy and procedures regarding the packing of Plaintiff's personal property." Defendant argued that plaintiff did not offer sufficient evidence to prove that any of his property was lost or stolen while under the control of WCI staff. Defendant acknowledged packing plaintiff's property on March 16, 2009. Defendant asserted that all property packed on March 16, 2009 was returned to plaintiff's possession on March 30, 2009. Defendant did not provide any documentation (property inventory) reflecting the type and quantity of property WCI personnel packed on March 16, 2009. Defendant denied WCI employee, Officer Pottinger gave plaintiff's property to inmate Towson.

{¶ 3} Plaintiff filed a response attaching four separate copies of his property inventories completed by WCI staff on March 16, 2009, March 19, 2009, March 31, 2009, and April 30, 2009. The March 16, 2009 inventory lists property of both plaintiff and inmate Towson. Property items listed on this inventory relevant to the instant claim include: one CD player, one fan, one crock pot, two blankets, two pairs of gym shorts, one belt, cards, eight containers of coffee, two pairs of shower shoes, two CDs, and various items that were purchased at the WCI commissary. Plaintiff submitted a receipt dated March 16, 2009, from the WCI commissary reflecting that he purchased eight packs of Ramen noodles, one box of crackers, two bags of nacho chips, four AA batteries, two pouches of drink mix, two bottles of soda pop, one candy bar, and one bottle of mayonnaise. The March 16, 2009 inventory lists twenty-five Ramen noodles, beverages, and chips. Other packed items are listed but the listings appear illegible to

the trier of fact.  Plaintiff submitted a copy of a second inventory dated March 19, 2009. Property items listed relevant to this claim include one blanket, three CDs, one pair of shower shoes, four batteries, one television antenna, one pair of gym shorts, cards, and one container of coffee.  Plaintiff submitted a third inventory dated March 31, 2009 compiled at WCI listing property packed, which includes one pair of shower shoes, one tv antenna, five CDs, and one pair of gym shorts.  Plaintiff submitted a fourth inventory compiled at WCI dated April 30, 2009.  Items listed on this inventory relevant to this claim include a crock pot, card game, batteries, and a pair of gym shorts.  Plaintiff filed a copy of a receipt dated April 28, 2007 showing he obtained, among other items, a fan, a Sony CD player, a blanket, and a pair of Reebok shower shoes from an outside vendor. Plaintiff submitted a second receipt dated June 26, 2008 showing he obtained a second pair of shower shoes and a belt from an outside vendor.  Plaintiff submitted a commissary receipt dated June 26, 2008 showing that he purchased a fan on that date. Also, plaintiff submitted documentation showing that he owned a converter box, two fans, and a CD player.

**{¶ 4}**  On October 21, 2010, plaintiff filed a motion for default judgment.

CONCLUSIONS OF LAW

**{¶ 5}**  1)  Plaintiff's motion for default judgment was not timely filed.  The interest of justice require the investigation report be considered when it has previously been filed.

**{¶ 6}**  2)  For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owned him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 7}**  3)  "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 8}**  4)  "If an injury is the natural and probable consequence of a negligent

act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

**{¶ 9}** 5)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 10}** 6)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 11}** 7)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 12}** 8)    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 13}** 9)    Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. Plaintiff failed to prove that defendant actually exercised control over a digital antenna and converter box as well as several commissary items purchased on March 16, 2009.

**{¶ 14}** 10) Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and*

*Correction* (1987), 86-02821-AD.

{¶ 15} 11) Also, plaintiff has failed to prove his television antenna, batteries, magic cards, and crock pot were lost as a result of any negligence on the part of defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

{¶ 16} 12) However, negligence on the part of defendant has been shown in respect to the loss of a CD player, five CDs, shower shoes, fan, blankets, gym shorts, belt, five coffees, and some items purchased from the WCI commissary on March 16, 2009. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud. *Tyler v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2007-07299-AD, 2008-Ohio-3418.

{¶ 17} 13) As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 18} 14) Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 19} 15) The standard measure of damages for personal property is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750. The trier of fact finds that the value of plaintiff's property that has been confirmed as lost while under the control of WCI staff amounts to $205.00. Defendant is liable to plaintiff for that amount.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GORDON SAGE

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

     Case No. 2010-02529-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE
DETERMINATION


     Plaintiff's motion for default judgment is DENIED.

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $205.00.  Court costs are assessed against defendant.



                      MILES C. DURFEY
                      Clerk


Entry cc:

Gordon Sage, #458-271          Gregory C. Trout, Chief Counsel
1150 North Main Street          Department of Rehabilitation
Mansfield, Ohio  44903         and Correction
                         770 West Broad Street
                         Columbus, Ohio  43222

RDK/laa
10/7
Filed 12/17/10
Sent to S.C. reporter 2/25/11