[Cite as *Easley v. Dept. of Rehab. & Corr.*, 2010-Ohio-6680.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID EASLEY

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2009-05277-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

**{¶ 1}** 1) Plaintiff, David Easley, an inmate incarcerated at defendant's Southern Ohio Correctional Facility (SOCF), filed this action alleging his personal property was either lost or destroyed as a proximate cause of negligence on the part of SOCF staff. Specifically, plaintiff asserted his CD player and nineteen CDs were destroyed by SOCF personnel without authorization and his shoes and address book were lost when his property was packed by SOCF staff. Plaintiff claimed the property destruction and loss occurred on or after May 8, 2009. Plaintiff submitted documentation showing he purchased nineteen CDs between July 2, 2008 and August 4, 2008. The total purchase price of the CDs amounted to $186.00. Plaintiff submitted a copy of a title to a CD player issued on February 2, 2008. The listed value of the CD player was $48.85. Plaintiff did not provide any documentation concerning the value of his alleged lost address book and shoes. Payment of the filing fee was waived.

**{¶ 2}** 2) Defendant denied any liability in this matter. Defendant explained plaintiff was transferred to security control on May 8, 2008 and his personal property

was packed incident to this transfer. Defendant further explained plaintiff was placed on "constant watch" status on May 11, 2009 and May 31, 2009 with property in his possession being "removed until it could safely be returned to him." Defendant provided copies of property inventories reflecting property items possessed by plaintiff that were delivered to SOCF staff during May 2009. The May 8, 2009 inventory shows SOCF staff packed a CD player and ten CDs that were in plaintiff's possession. None of the inventories compiled during May 1009 lists any type of shoes other than "shower shoes" or an address book. Defendant denied any SOCF employees destroyed a CD player and CDs owned by plaintiff. Defendant submitted a copy of plaintiff's property inventory compiled on August 29, 2009. This inventory lists a CD player and three CDs among plaintiff's property. No shoes or address book are listed on the August 29, 2009 inventory. Defendant asserted plaintiff did not offer any evidence to prove SOCF staff ever "took shoes or an address book into its possession." Defendant contended plaintiff failed to produce any evidence to show any of his property was lost or destroyed while in the custody of SOCF personnel.

CONCLUSIONS OF LAW

{¶ 3} 1) For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 4} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 5} 3) If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber*

*Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

**{¶ 6}** 4)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 7}** 5)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 8}** 6)   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 9}** 7)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 10}** 8)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different issues, as to any issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 11}** 9)   Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.  Plaintiff failed to prove defendant actually exercised control over shoes or an address book.

**{¶ 12}** 10)  Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

**{¶ 13}** 11)  The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.

2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive regarding his claims of property loss and destruction.

**{¶ 14}** 12) Plaintiff has failed to show any causal connection between any loss of his property listed and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

**{¶ 15}** 13) Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was lost or destroyed as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID EASLEY

Plaintiff

v.

DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2009-05277-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

David Easley, #306-400          Gregory C. Trout, Chief Counsel
P.O. Box 45699                  Department of Rehabilitation
Lucasville, Ohio  45699         and Correction
                                770 West Broad Street
                                Columbus, Ohio  43222

RDK/laa
12/14
Filed 12/17/10
Sent to S.C. reporter 2/25/11