[Cite as *Meade v. Ohio Dept. of Transp.*, 2011-Ohio-6953.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WALTER MEADE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-06684-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}    Plaintiff, Walter Meade, filed this complaint against defendant, Department of Transportation ("DOT"), alleging roadway improvement work performed on New Albany Condit Road caused flooding problems to his property. Plaintiff related that DOT widened the road in front of his property "[a] few years ago" and "[w]hen redigging the ditch, it was not dug deep enough, causing flooding multiple times throughout our yard and into our garage." According to plaintiff, DOT came out and inspected the area and "determined the issue was with their original subcontractor and had the ditch redug at that time. However, we continue to have flooding issues as the ditch is still too shallow-- it is not the depth of the original ditch." In his complaint, plaintiff requested damages in the amount of $2,500.00, although he did not submit receipts or estimates for the expense associated with having the problem resolved. The filing fee was paid.

{¶2}    According to defendant, the roadway widening project was completed on or about June 30, 2006. Defendant denied any liability for any damage plaintiff may have suffered and maintained that the roadway improvement work had met "all of the relevant guidelines and specifications for such a highway." Defendant observed that plaintiff's property "does lie physically lower than the road and drainage in the general area does drain away from the right of way." Defendant acknowledged that after

plaintiff complained about the flooding, DOT "performed additional excavation of the roadway ditch in front of Plaintiff's property in 2007." Defendant contended it "should not be perpetually responsible for its reasonable diversion of water off its roadway." In addition, defendant argued plaintiff has failed to mitigate his damages during the intervening four years prior to filing his complaint. Finally, defendant pointed out that plaintiff waited nearly four years to file this complaint and that as such, his claim is untimely.

{¶3} Plaintiff did not file a response.

{¶4} Based on the statute of limitations requirement in R.C. 2743.16(A), plaintiff had two years from the date his cause of action accrued to file a claim against DOT for perceived damages resulting from the roadway improvement project. Plaintiff filed this claim on April 28, 2011. Plaintiff stated he was aware of the flooding problem, at the latest, in 2007 when DOT agreed to further excavate the ditch in front of his property. Thus, pursuant to R.C. 2743.16(A) plaintiff had to file a claim for damages arising from flooding allegedly caused by the roadway improvement project within two years after the date in 2007 that the final corrective action was performed by DOT. Plaintiff filed his complaint more than two years after the cause of action accrued; therefore, the claim is barred by the two-year statute of limitations.

{¶5} Even assuming plaintiff's claim was timely filed, in order for plaintiff to prevail upon his claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.* 99 Ohio St. 3d 79, 81, 2003-Ohio-2573, ¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 472 N.E. 2d 707. A breach of duty can be found only if defendant's interference with drainage water flow is unreasonable, which is determined "by balancing the gravity of the harm caused by the interference against the utility of the [defendant's] conduct." *McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.* (1980), 62 Ohio St. 2d 55, at 60, 16 O.O. 3d 41, 402 N.E. 2d 1196, adopting 4 Restatement on Torts 2d (1979), 146, Section 833.

{¶6} Plaintiff claimed defendant failed to have the ditch excavated to the proper depth which ultimately caused flooding in his yard and garage. As a necessary element of his particular claim, plaintiff was required to prove the proximate cause of his damage

by a preponderance of the evidence. See e.g. *Stinson v. England*, 69 Ohio St. 3d 451, 1994-Ohio-35, 633 N.E. 2d 532. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶7} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. In a situation such as the instant claim, plaintiff is required to produce expert testimony regarding the issue of causation and that testimony must be expressed in terms of probability. *Stinson*, supra. Plaintiff, by not supplying the requisite expert testimony to state a prima facie claim has failed to meet his burden of proof. See *Ryan v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003-09297-AD, 2004-Ohio-900; also *Ringel v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2006-02081-AD, 2006-Ohio-7279. Plaintiff has failed to prove DOT's roadway improvement project proximately caused the damage claimed. See *Wasilewski v. Ohio Dept. of Transportation*, Ct. of Cl. No. 2004-03560-AD, 2004-Ohio-7326; *Haake v. Dept. of Transp.*, Ct. of Cl. No. 2007-05733-AD, 2008-Ohio-2849.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WALTER MEADE

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2011-06684-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Walter Meade
7454 New Albany Condit Road
New Albany, Ohio 43054

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

9/8
Filed 9/21/11
Sent to S.C. reporter 1/27/12