[Cite as *Dozier v. Pymatuning State Park*, 2012-Ohio-5275.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SILAS DOZIER, JR.

    Plaintiff

    v.

PYMATUNING STATE PARK

    Defendant

    Case No. 2012-02895-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}    On Labor Day weekend in 2011, plaintiff, Silas Dozier, Jr., was camping at defendant, Pymatuning State Park ("Pymatuning"), while a "power outage/or surge" occurred.  Plaintiff related a couple of weeks later when he was winterizing his camper he discovered that none of the electronic appliances in his camper were operational.  Plaintiff contacted Tim's RV which determined that a bad convertor had caused plaintiff's problem.  When plaintiff queried the repairman concerning how the damage to the convertor occurred, the repairmen stated it was "likely caused by a power surge."

{¶2}    Plaintiff asserted he believes Pymatuning is responsible for the damage caused to his convertor due to their negligent conduct.  Accordingly, on March 21, 2012, plaintiff filed his complaint seeking damages in the amount of $509.86, the cost of a new convertor and the related labor charges to install it in his camper.  On March 29, 2012, plaintiff submitted the $25.00 filing fee.

{¶3}    Defendant denied any liability in this matter asserting plaintiff has not submitted any evidence to prove that defendant breached any duty toward plaintiff.  Defendant acknowledged that plaintiff was an invitee on its premises because he rented

a campsite from defendant. Accordingly, defendant owed plaintiff a duty to exercise reasonable care and warn plaintiff of any latent hazards or concealed defects in the park. Defendant conducted an investigation of the campsite in question, 131, and found the electrical box was in proper working order. "In fact, no other campsites reported electrical issues from the night in question, and seven other campers used site 131 after plaintiff and no electrical problems were reported."

{¶4} While defendant acknowledged that a power outage did occur on September 3, 2011, it occurred on power lines not owned or operated by defendant. No problems were detected on electrical equipment owned or operated by defendant. Furthermore, defendant asserted it had no duty to warn plaintiff of a power outage which defendant could not foresee. Finally, defendant "cannot be an insurer against all forms of risk."

{¶5} Plaintiff filed a response to defendant's investigation report. Plaintiff attached a statement from Terry Snyder which seems to attribute plaintiff's convertor damage to the power outage. However, plaintiff did not identify who Terry Snyder is and the expertise he possesses to make such a conclusory statement.

{¶6} Plaintiff has the burden of proving his property damage was caused by a power surge, outage, or an electrical malfunction attributable to negligent acts or omissions on the part of defendant. *Pryor v. Southern Ohio Correctional Facility* , 97-03026-AD, jud (1997).

{¶7} In order for plaintiff to prevail upon his claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St. 3d 75, 77, 472 N.E. 2d 707 (1984). Plaintiff claimed his electrical devices were damaged by a power surge or power outage caused by defendant. As a necessary element of his particular claim, plaintiff was required to prove proximate cause of his damage by a preponderance of the evidence. See e.g., *Stinson v. England*, 69 Ohio St. 3d 451, 1994-Ohio-35, 633 N.E. 2d 532. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski*, 14 Ohio St. 3d 51, 471 N.E. 2d 477 (1984).

{¶8} "If an injury is the natural and probable consequence of a negligent act

and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.*, 6 Ohio St. 3d 155, 160, 451 N.E. 2d 815 (1983), quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.*, 122 Ohio St. 302, 309, 171 N.E. 327 (1930). In a situation such as the instant claim, expert testimony is required regarding the issue of causation and that testimony must be expressed in terms of probability. *Stinson*, at 454. In the case at bar, nothing in the statement submitted from the repairman with Tim's RV or the statement of Terry Snyder provides evidence that the damage attributable to plaintiff's convertor was the result of any negligence on the part of defendant.

{¶9}  In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.*, 161 Ohio St. 82, 118 N.E. 2d 147 (1954).

{¶10} Plaintiff has failed to prove, by a preponderance of the evidence, that he sustained any loss as the result of negligence on the part of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SILAS DOZIER, JR.

    Plaintiff

    v.

PYMATUNING STATE PARK

    Defendant

Case No. 2012-02895-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Silas Dozier, Jr.                          Charles G. Rowan
6158 Shaffer Road N.W.              Department of Natural Resources
Warren, Ohio  44481                   2045 Morse Road, D-3
                                                   Columbus, Ohio  43229-6693

DRB/laa
Filed 7/31/12
sent to S.C. Reporter 11/14/12