[Cite as *Blevins v. Green Acres Mobilehome Park, Inc.*, 2018-Ohio-2041.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

Michelle L. Blevins                                  Court of Appeals No. F-17-011

    Appellant                                    Trial Court No. 15CV000129

v.

Green Acres Mobilehome
Park, Inc., et al.                                   **DECISION AND JUDGMENT**

    Appellees                                    Decided:  May 25, 2018

* * * * *

C. William Bair, for appellant.

D. Casey Talbott, Sarah E. Stephens and Matthew A. Cunningham,
for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Michele Blevins, appeals the judgment of the Fulton County

Court of Common Pleas, granting summary judgment to appellees, Green Acres

Mobilehome Park, Inc., and Moses Williamson,[1] on appellant's claims for negligence. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} The facts taken from the complaint and appellant's deposition are as follows. Appellant was a resident at appellees' mobile home park. She claims that she was injured as a result of three separate acts of negligence by appellees.

{¶ 3} The first incident occurred on August 24, 2013. The property manager at that time, Susan Wilczynski, now deceased, had asked appellant to help trim the weeds near the pond. Appellant was not paid for her help, but instead was doing it as a favor because her boyfriend was friends with Susan. Appellant testified at her deposition that as she was trimming the weeds, Susan approached her from behind on a riding lawnmower. When she was about six to eight feet away, Susan yelled appellant's name to get her attention. Appellant testified that when Susan yelled her name it startled her, and caused her to shift her weight. When appellant shifted her weight, her foot sank down in the mud in the bank of the pond, which injured her right ankle.

{¶ 4} Appellant did not notify Susan of the injury at the time, but instead followed Susan approximately 100 yards to where Susan's boyfriend Matt was trimming a tree. The second incident occurred during the tree trimming process. Appellant testified that she was asked to hold a rope that was tied to a branch, to keep the branch from hitting

---

[1] Williamson is a shareholder of Green Acres Mobilehome Park, Inc.

Matt as he trimmed the tree. According to appellant, the branches were 25 to 30 feet long. Appellant, based on her own tree-cutting experience, immediately recognized that this was a job that should be done by professionals, and initially refused to help. Appellant testified that as she was walking away, Susan threatened her by stating "Don't forget who paid your rent." Appellant acquiesced and returned to help.

{¶ 5} While holding the rope, appellant's hands became raw and bloody, and she told Susan that she could not continue unless she had gloves and better shoes. However, no gloves or shoes were provided. To relieve the pressure on her hands, appellant, of her own accord, then tied the rope in a knot around a tree limb, placed the limb on the ground, and then stood on the limb to keep it from moving. While appellant was standing on the limb, a branch that Matt cut caused the rope to jerk, thereby injuring both of appellant's feet. Notably, appellant did not realize that her feet were injured until later that afternoon or evening.

{¶ 6} The third incident occurred on January 8, 2014. On that day, Susan asked appellant to use a snow blower to remove some snow from around the mailboxes at the mobile home park. Appellant testified that the snow blower did not have enough gas, and at Susan's direction, appellant filled the snow blower with her own gas. While pouring the gas into the snow blower, appellant shifted her weight to her left foot, and in so doing broke a bone in her foot.

{¶ 7} Finally, at her deposition, appellant alleged that the negligent acts of appellees caused her further injury in July 2016, when appellant passed out and fell,

3.

hurting her left knee. Appellant stated that she passed out because of a heart condition, and that the heart condition arose from her extended use of a non-smoking medication, which was recommended to her by her physician on the basis that she would be healthier with regard to her feet if she stopped smoking, and her feet were originally injured by appellees' negligence.

{¶ 8} On June 18, 2015, appellant filed the present complaint against appellees, alleging that appellees' negligence caused her injuries. On July 31, 2017, appellees moved for summary judgment, arguing that even if it could be shown that appellees owed appellant a duty of ordinary care, there is no evidence that appellees breached that duty, or that any breach proximately caused appellant's injuries. Appellant opposed the motion for summary judgment, arguing that appellees failed to maintain the premises in a fit and habitable condition, and further committed negligence when Susan startled appellant while she was trimming the weeds, and when Susan failed to give appellant the necessary equipment when trimming the tree and using the snow blower. On August 28, 2017, the trial court entered its judgment granting summary judgment in favor of appellees.

## {¶ 9} II. Assignment of Error

{¶ 10} Appellant has timely appealed the trial court's August 28, 2017 judgment, and now asserts one assignment of error for our review:

1. The trial court erred in granting Appellee's motion for summary judgment, because it did not consider Appellee's duty to do whatever was reasonably necessary to put and keep the premises in a fit and habitable

4.

condition and keep all common areas of the premises in a safe and sanitary condition. Appellant was directly injured as a result of Appellees' breach of such duty.

### III. Analysis

{¶ 11} We review the grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 12} To establish a cause of action for negligence, a plaintiff must show "the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom." *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998).

{¶ 13} In her brief, appellant presents two arguments. First, she contends that the trial court erroneously dismissed the obligations of a park operator. Appellant relies on R.C. 4781.38(A), which provides, "A park operator who is a party to a rental agreement shall: * * * (2) Make all repairs and do whatever is reasonably necessary to put and keep

5.

the premises in a fit and habitable condition; (3) Keep all common areas of the premises in a safe and sanitary condition." However, appellant's testimony establishes that her injuries were not caused by any defective condition on the property, but rather by appellees' alleged negligence in relation to appellant's efforts to assist in maintaining the property in a fit and habitable condition. Indeed, appellant states in her brief that without Susan's action, appellant would not have injured herself trimming the weeds by the pond. Similarly, as to the second and third incidents, appellant did not injure herself as a result of the tree branch falling on her, or by falling on the snow near the mailboxes, respectively. Therefore, we hold that R.C. 4781.38(A) is inapplicable to the present claim. Thus, appellant's first argument is without merit.

{¶ 14} Appellant's second argument is that the trial court erroneously labeled her as a volunteer. Appellant argues that, instead, she was performing services on behalf of appellees' agent, and therefore was owed a duty of ordinary care. Here, we need not determine appellant's status, however, because even assuming appellees owed appellant a duty of ordinary care, appellant has not established any facts showing that appellees breached that duty, thereby causing her injuries.

{¶ 15} "The common-law duty of ordinary care is that degree of care which an ordinarily reasonable and prudent person exercises, or is accustomed to exercise, under the same or similar circumstances." *Smith v. United Properties*, 2 Ohio St.2d 310, 313, 209 N.E.2d 142 (1965).

6.

{¶ 16} Regarding the first incident, appellant alleges that Susan was negligent when she called out appellant's name. We disagree, and hold that an ordinarily reasonable and prudent person would behave in the same way under similar circumstances.

{¶ 17} Regarding the second incident, appellant alleges that Susan was negligent for not providing her with the necessary equipment. However, it was appellant who independently decided to tie the rope around a limb and stand on the limb, thereby causing the injury to her feet. "Where there intervenes between an agency creating a hazard and an injury resulting from such hazard another conscious and responsible agency which could or should have eliminated the hazard, the original agency is relieved from liability. A break in the chain of causation thereby takes place which operates to absolve the original agency." *Cascone v. Herb Kay Co.*, 6 Ohio St.3d 155, 159, 451 N.E.2d 815 (1983), quoting *Thrash v. U-Drive-It Co.*, 158 Ohio St. 465, 110 N.E.2d 419 (1953), paragraph two of the syllabus. Therefore, we hold that any purported breach of duty by appellees was not the proximate cause of appellant's injury to her feet.

{¶ 18} Regarding the third incident, appellant alleges that Susan was negligent for providing a snow blower that was not full of gas. We find no merit to appellant's position, and hold that Susan's actions did not constitute a breach of an ordinary duty of care.

7.

{¶ 19} Finally, regarding appellant's subsequent injury to her knee, because appellant has failed to provide any evidence demonstrating that appellees were negligent, her claim for damages relating to her knee must fail as well.

{¶ 20} Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 21} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.