[Cite as *Conrad v. Ohio Dept. of Transp.*, 2012-Ohio-2084.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JASON CONRAD

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-06340-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Jason Conrad, filed this action against defendant, Ohio Department of Transportation (ODOT), contending his 2000 model 379 Peterbilt truck with attached trailer suffered significant damage as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on US 22. Plaintiff recalled his described damage incident occurred on April 12, 2011, after leaving his home "around noon." Specifically, plaintiff related he was "traveling west on Ste Rt 22 just passed Ringgold Southern Rd" when he "hit a dip in the road." Plaintiff explained that "[t]he dip was not visible while driving at the posted speed and there were no signs warning me of any changes to road condition. After hitting the dip I noticed my truck seemed to pull toward the right." Plaintiff further explained, "I continued to Columbus to drop off my load. When I unhooked from the trailer, I noticed that the truck was still not handling correctly, so I started looking for damage, that's when I saw that the right rear spring was broke. I had to call work and explain that I couldn't work till I got the spring replaced." Plaintiff initially requested reimbursement of $2,161.00; however, plaintiff

Case No. 2006-03532-AD            - 2 -            MEMORANDUM DECISION

discovered additional damage and on May 13, 2011, he notified the court that his loss totaled $4,398.30, the estimated cost of wages lost, vehicle repair, and related expenses.  The filing fee was paid.

{¶2}    On September 26, 2011, a judge of the Court of Claims granted plaintiff's motion to reduce the prayer amount to $2,500.00, the statutory maximum damage amount allowed under R.C. 2743.10, and transferred the case to the administrative docket.  See R.C. 2743.10.

{¶3}    Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular damage-causing condition prior to April 12, 2011.  Defendant located the roadway defect "at approximately milepost 21.97 on US 22 in Pickaway County" and advised that "ODOT did not receive any reports of the dip in the road or have knowledge of the dip in the road prior to the incident."  Thus defendant denied having "actual notice of the defect."

{¶4}    Defendant submitted an e-mail from the Pickaway County Manager, Jeff Rush, who stated that at, "approximately 12 Noon on 4/12/11 we were notified of an issue with a 'dip' in the pavement.  We were in the midst of a spring with excessively high rainfall.  Upon inspection, I contacted Dan Wise, the District 6 Roadway Services

Manager."  Rush explained that he "contacted our Traffic Department to have crews set up a detour, and contacted Pickaway County forces to get signs, barricades and barrels mobilized to close the road.  We had the roadway closed with proper detour and all personnel had returned to our facility to clock out by 3:30 PM."

{¶5}  Defendant denied ODOT negligently maintained US 22 in Pickaway County.  Defendant noted that when "Pickaway County Manager Jeff Rush was notified of the dip on US 22, he immediately had a detour set up to prevent any mishaps on this roadway past Ringgold-Southern Road."  Defendant contended that ODOT and plaintiff learned of the dip in the road at the same time and that "ODOT was not negligent in remedying the situation."

{¶6}  Plaintiff filed a response disputing the statements and conclusions presented in defendant's investigation report.  Specifically, plaintiff related that the detour was not in place until much later in the day.  Plaintiff explained that after he had driven to Columbus and delivered his load, he assessed the damage to his truck. Plaintiff returned home over the same roads in an attempt to discover what had caused the damage.  Plaintiff recalled that "[t]he only thing I saw was some state workers standing in the roadway looking around, no signs or anyone directing traffic away from the dip."  Plaintiff pointed out that the roadway defect was located in a "lower area between two hills," and that excessive rain water rushes through the area causing the gravel to wash away thereby weakening the pavement.  Plaintiff submitted photographs of the area taken on November 21, 2011, which depict several depressions and shallow trenches in the gravel located on the shoulder of the roadway adjacent to the paved

Case No. 2006-03532-AD          - 4 -          MEMORANDUM DECISION

berm.

{¶7}   Defendant filed a reply to plaintiff's response and included a statement from Ron Duncan, an ODOT employee who identified himself as an Acting Transportation Manager.  Duncan related that two ODOT workers, Randy Vorhees and Dennis Pasco, were first aware of the dip in the road on SR 22 at 8:30 a.m. on April 12, 2011.  According to Duncan, Vorhees and Pasco called him to the site where they discovered the culvert beneath the roadway was underwater, blocked by some trees that had washed down a hillside.  Duncan stated that initially they intended to remove the trees but at some later time the decision was made to close the road.  Duncan asserted that barricades used to close the road and signs related to the detour were in place by 3:30 p.m.  In its reply, defendant suggested that the road was not closed sooner because the traffic was progressing through the area without losing control "by going out of their lane of travel."  Defendant also contended that plaintiff compounded the damage to the truck by driving it back home after learning of the broken spring.

{¶8}   For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy*

*Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Defendant must exercise due diligence in the maintenance and repair of highways.  *Hennessy v. State of Ohio Highway Department* (1985), 85-02071-AD.

{¶9}  Furthermore, defendant has a duty to post warning signs notifying motorists of highway defects or dangerous conditions.  *Gael v. State* (1979), 77-0805-AD.  There is no evidence ODOT personnel placed any warning or advisory signs at or near milepost 21.97 on US 22 to either warn or advise motorists of roadway conditions created by the blocked culvert  during the nearly four hours ODOT workers were aware of the problem prior to plaintiff's incident.

{¶10} As a necessary element of this type of claim, plaintiff was required to prove proximate cause of his damage by a preponderance of the evidence.  See, e.g. *Stinson v. England*, 69 Ohio St. 3d 451, 1994-Ohio-35.  This court, as trier of fact, determines questions of proximate causation.  *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶11}  "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone."  *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171

Case No. 2006-03532-AD          - 6 -               MEMORANDUM DECISION

N.E. 327.

{¶12} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.

{¶13} The trier of fact finds plaintiff's contentions to be credible and supported by the additional information supplied with defendant's reply. Evidence has established defendant had actual notice of the roadway defect nearly four hours prior to plaintiff's property-damage event. Upon review of all the evidence presented, the court finds that defendant did not act reasonably in failing to timely warn motorists of the roadway defect after confirming the existence and location of the hazard at 8:30 a.m. on April 12, 2011. In the present action, the court concludes sufficient evidence has been offered to establish defendant breached its duty of care owed to the traveling public by failing to provide adequate warning of the dip in the road. See *Brown v. Ohio Dept. of Transp.-Dist.8*, Ct. of Cl. No. 2008-09350-AD, 2009-Ohio-7105.

{¶14} Damage assessment is a matter within the function of the trier of fact.

*Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31. In the instant claim, plaintiff has failed to submit any evidence to substantiate his claim of lost wages, $500.00 per day. Plaintiff did present receipts for parts totaling $1,273.30 and inasmuch as plaintiff was able to perform the repairs, the court finds $300.00 to be a reasonable sum for both repairs. Defendant is liable to plaintiff for the damage proven, $1,573.30, plus the $25.00 filing fee which may be awarded as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Case No. 2006-03532-AD          - 8 -          MEMORANDUM DECISION



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JASON A. CONRAD

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-06340-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,598.30, which includes the filing fee.  Court costs are assessed against defendant.

_____
Deputy Clerk

Entry cc:

Jason A. Conrad                    Jerry Wray, Director
11825 Cincinnati-Zanesville Road   Department of Transportation
Stoutsville, Ohio 43154            1980 West Broad Street
                                   Columbus, Ohio 43223

SJM/laa
Filed 1/30/12
Sent to S.C. reporter 5/10/12