[Cite as *Leonard v. Ohio Dept. of Transp.*, 2012-Ohio-5279.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAWN M. LEONARD

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2012-04952-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Dawn M. Leonard, filed this action against defendant, Ohio Department of Transportation("ODOT"), contending that her 2011 Toyota Rav 4 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a construction sign on Interstate 75 at Exit 51 in Montgomery County. Plaintiff pointed out she was traveling on Interstate 75 on February 24, 2012 at approximately 9:30 a.m., "when the exit 51 sign on Highway 75 blew in my path" causing $6,108.45 in damages to her vehicle. Plaintiff requested damages in the amount of $500.00, her insurance deductible. The plaintiff submitted the $25.00 filing fee with her complaint. Photographs depicting the body damage to the 2011 Toyota Rav 4 were submitted.

{¶2} Additionally, plaintiff submitted a Traffic Crash Report from the Dayton Police Department dated February 24, 2012. The report in pertinent part states: "at the W. Stewart St. exit, was struck by a construction sign that was blown into the lane of traffic." Under the section of the report entitled weather, the officer at the scene, John Garrison, indicated that there were "severe crosswinds" at the time of the damage-causing incident.

{¶3} Defendant acknowledged that the area where plaintiff's described damage event occurred was located within a construction zone maintained by ODOT contractor, The Ruhlin Company, Inc. ("Ruhlin"). Defendant related that the construction project dealt with "grading, draining, paving with asphalt concrete, widening, replacing numerous structures, rehabilitating several structures, upgrading the traffic control and lighting and performing other related work."

{¶4} Defendant asserted that Ruhlin, by contractual agreement, was responsible for maintaining the roadway within the construction area. Therefore, ODOT argued that Ruhlin is the proper party defendant in this action, despite the fact that all construction work was to be performed in accordance with ODOT requirements, specifications, and approval. Defendant also pointed out that a worksite traffic supervisor maintained an onsite presence. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway.

{¶5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St. 3d 75, 77, 472 N.E. 2d 707 (1984). Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University*, 76-0368-AD (1977). However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.*, 145 Ohio St. 198, 61 N.E. 2d 198 (1945), approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation*, 49 Ohio App. 2d 335, 361 N.E. 2d 486 (10th Dist. 1976). However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford*, 112 Ohio

App. 3d 189, 678 N.E. 2d 273 (10th Dist. 1996); *Rhodus v. Ohio Dept. of Transp.*, 67 Ohio App. 3d 723, 588 N.E. 2d 864 (10th Dist. 1990). The duty of ODOT to maintain the road in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.*, 10th Dist. No. 00AP-119 (June 28, 2001).

{¶7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT*, 34 Ohio App. 3d 247, 517 N.E. 2d 1388 (10th Dist. 1986). Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.*, 31 Ohio Misc. 2d 1, 507 N.E. 2d 1179 (Ct. of Cl. 1986). Alternatively, defendant denied that neither ODOT nor Ruhlin had notice of a problem with a sign at Exit 51. Defendant related that Ruhlin acknowledged that other signs were blown down on the same day as plaintiff's incident.

{¶8} Defendant pointed out that February 24, 2012 was an extremely windy day. "According to Defendant's investigation, max wind speed was documented at 34 mph at Wright-Patt AFB, OH (Exhibit C), and at 46 mph at the Dayton International Airport (Exhibit D) on the date of incident, with max wind gust speeds documented at 47 mph and 55 mph respectively. If the force of the wind is what propelled the sign into Plaintiff's car, ODOT cannot be held accountable for a *force majeure*."

{¶9} Defendant asserted that plaintiff has failed to offer sufficient evidence to prove that her property damage was attributable to any conduct on either the part of ODOT or Ruhlin. Defendant further asserted that plaintiff failed to prove her property damage was caused by negligent maintenance. Furthermore, defendant's "investigation reveals that neither ODOT nor The Ruhlin Company had notice of the signs being blown into traffic until after plaintiff's incident."

{¶10} In order to find liability for a damage claim occurring in a construction

area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm to the traveling public. *Feichtner v. Ohio Dept. of Transp.*, 114 Ohio App. 3d 346, 683 N.E. 2d 112 (10th Dist. 1995). In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.*, 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462 (1950); *Rhodus*.

{¶11} Ordinarily, in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation*, 75-0287-AD (1976). However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland*, 106 Ohio St. 94, 138 N.E. 526 (1992), at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation*, 94-13861 (1996). Although defendant's contractor created certain conditions by installing the construction sign, plaintiff has the burden to prove defendant's agents created a dangerous condition when the signs were installed.

{¶12} Evidence has shown that high velocity wind gusts upwards of 55 mph were measured in the area of plaintiff's February 24, 2012 incident. Plaintiff related that her car was struck by a sign that "blew in my path." Plaintiff did not provide any evidence to suggest the sign was in disrepair or improperly installed. It is well settled Ohio law that if an "Act of God" is so unusual and overwhelming as to do damage by its own power, without reference to and independently of any negligence by defendant, there is no liability. *Piqua v. Morris*, 98 Ohio St. 42, 49, 120 N.E. 300 (1918). The term "Act of God" in its legal significance, means any irresistible disaster, the result of natural causes, such as earthquakes, violent storms, lightening and unprecedented floods. *Piqua*, at 47-48. The court finds plaintiff's damage could have been proximately caused by a force of nature, high velocity wind gusts, as opposed to any negligent act or omission on the part of defendant or its agents.

{¶13} "If any injury is the natural and probably consequence of a negligent act and it is such as should have been foreseen in the light of all the attending

circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.*, 6 Ohio St. 3d 155, 160, 451 N.E. 2d 815 (1983), quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.*, 122 Ohio St. 302, 309, 171 N.E. 327 (1930). Plaintiff has failed to offer proof that her property damage was connected to any conduct under the control of defendant, that defendant was negligent in maintaining the construction area, or that there was any negligence on the part of defendant or its agents. *Taylor v. Transportation Dept.*, 97-10898-AD (1998); *Weininger v. Department of Transportation*, 99-10909-AD (1999); *Witherell v. Ohio Dept. of Transportation*, 2000-04758-AD (2000). Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAWN M. LEONARD

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2012-04952-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Dawn M. Leonard
13070 Dechant Road
Farmersville, Ohio  45325

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

DRB/laa
Filed 10/31/12
sent to S.C. Reporter 11/14/12